NO. 07-03-0090-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 30, 2005



______________________________




EDWIN GAYLE HOLLOWAY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 01-2554; HONORABLE CARTER T. SCHILDKNECHT, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION 


 Following his plea of not guilty, appellant was convicted by a jury of burglary of a
habitation and punishment was assessed by the trial court at 12 years confinement. 
Challenging his conviction by one point of error, appellant asserts the trial court erred in
admitting an extraneous offense under the identity exception of Rule 404(b) of the Texas
Rules of Evidence. We affirm.

 Billy Wayne Whitehill's home was burglarized and, among other items, a rifle was
taken. According to the investigating officer's testimony, the rifle was recovered at the
residence of appellant's estranged son. Donna Sue Holloway, appellant's ex-wife, testified
that she was in appellant's truck when he traveled to Whitehill's home, entered, and later
exited with the rifle. She explained that she hid the rifle under a bed per appellant's
instructions because she feared him. The next day, appellant and Donna took the rifle and
other gifts to appellant's son's mother and stepfather's home and asked them to give the
rifle to appellant's grandson as a Christmas gift. 

 Appellant's sole contention is that the trial court erred in admitting an extraneous
offense under the identity exception of Rule 404(b) of the Texas Rules of Evidence. The
State responds that appellant waived error, if any, by failing to properly object to the
admission of an extraneous offense and because his complaint on appeal does not
correspond with his objection at trial. We agree with the State. 

 During the guilt/innocence phase of the trial, the State called Ernesto Amaya to
testify to extraneous offenses of retaliation and witness tampering. However, while Amaya
was testifying, the following colloquy occurred:

 Q. We'll get back to that. Right now I want to talk to you about an incident
that occurred on November 24th this past year. Do you recall what
happened then?

 A. Yes, sir. I had a pair of horse blinders stolen out of my barn.

 [Defense Counsel]: Objection. May we approach?

 Court: Yes, you may.

 (At the Bench, on the record.)

 [Defense counsel]: I think he's going to try to get into this burglary of a
building and his notice with regard to - I think he said he wanted to call him
to testify about the retaliation and the tampering with a witness.

 [Prosecutor]: And that's right, your Honor. And that was my initial -

 [Defense counsel]: We're bringing another deal in here now.

 [Prosecutor]: That was my initial notice. Through the course of this
proceeding and cross-examination he's pointed the finger at another of my
witnesses. And in order to rebut that inference that Donna Holloway
committed this crime rather than Edwin, I have a right to bring in this
extraneous offense to prove intent to rebut his claim that it was not Edwin
Holloway that committed the crime. I have the right to bring in extraneous
offenses to show - it shows he has the propensity to commit a burglary. It's
identical to the one in this case. I'm entitled to show that he was the one and
not Donna Holloway.

 Court: That's right.

 [Defense counsel]: I figured it would be.

 Court: You may proceed.

(Emphasis added).

 As a prerequisite for appellate review, an appellant must show he made a timely
objection stating with sufficient specificity the grounds therefor, comply with the Texas
Rules of Evidence, and obtain an adverse ruling either expressly or implicitly. Tex. R. App.
P. 33.1(a). See generally Martinez v. State, 91 3d 331, 336-37 (Tex.Cr.App. 2002)
(applying the "raise-it-or-waive-it" forfeiture rule). Additionally, the objection at trial must
comport with the complaint raised on appeal. Trevino v. State 991 S.W.2d 849, 854
(Tex.Cr.App. 1999). 

 Additionally, Rule 404(b) provides that extraneous acts may be admissible for certain
purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident, but are not admissible to prove a person's
character or to show action in conformity therewith. The purposes designated, however,
are neither mutually exclusive nor collectively exhaustive. Montgomery v. State, 810
S.W.2d 372, 388 (Tex.Cr.App. 1991) (op. on reh'g). Once a Rule 404(b) objection is made,
the proponent of the evidence must persuade the trial court that the evidence has
relevance apart from character conformity. Id. at 387-88. If the trial court overrules the
Rule 404(b) objection and determines the evidence is relevant beyond its character
conformity, it has ruled on the full extent of the opponent's Rule 404(b) objection. Santellan
v. State, 939 S.W.2d 155, 169 (Tex.Cr.App. 1997), citing Montgomery, 810 S.W.2d at 388. 
Id. The opponent of the evidence must then make a Rule 403 objection requesting the trial
court to weigh the probative and prejudicial value of the evidence. Id.

 Assuming, arguendo, that the trial court's action in allowing the parties to proceed
after stating "[t]hat's right" is an implicit adverse ruling on appellant's objection, we
nevertheless do not detect a specific Rule 404(b) or a follow-up Rule 403 objection to the
State's questioning of Amaya on the extraneous burglary. Thus, because appellant
couches his point of error and argument thereunder under Rule 404(b), it does not
correspond to the objection raised at trial. We conclude appellant's contention was not
preserved for review. His sole point is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Per Curiam

Johnson, C.J., not participating. 

Do not publish.

 



riority="72" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO.
07-11-0317-CR

                                                                              

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                              AUGUST
15, 2011

                                            ______________________________

 

                                                   EARL
DEAN OSBOURN, JR.,

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

Appellee

                                         _________________________________

 

                      FROM
THE 181st DISTRICT COURT OF RANDALL COUNTY;

 

                                NO.
13,847-B; HON. JOHN B. BOARD, PRESIDING

                                           _______________________________

 

                                                             Order
of Dismissal

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Earl Dean Osbourn, Jr.,
appellant, attempts to appeal his conviction for Texas security act violations.  The court imposed sentence on April 9, 2003.  His notice of appeal was filed on August 4,
2011.  We dismiss for want of
jurisdiction.








To be timely, a notice of appeal must be filed
within thirty days after the sentence is imposed or suspended in open court or
within ninety days after that date if a motion for new trial is filed.  Tex. R. App. P. 26.2(a).  Therefore, the notice of appeal was due on
May 9, 2003.  

A timely filed notice of appeal is essential to
invoke our appellate jurisdiction.  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If it is untimely, we can take no action
other than to dismiss the proceeding.  Id. at 523. 
Appellant's notice being untimely filed, we have no jurisdiction over
the matter and dismiss the appeal.

Accordingly, appellant=s
appeal is dismissed.[1]

 

Brian
Quinn 

       Chief Justice 

 

 

 

Do not publish.











[1]The appropriate vehicle for seeking
an out‑of‑time appeal from a final felony
conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas
Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005).